UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| BROADCAST MUSIC, INC.; CONCORD MUSIC GROUP, INC. d/b/a JONDORA MUSIC; UNIVERSAL – SONGS OF POLYGRAM INTERNATIONAL, INC.; CYANIDE PUBLISHING; SONGS OF UNIVERSAL, INC.; EMI VIRGIN SONGS, INC. d/b/a EMI LONGITUDE MUSIC; FOURTEENTH HOUR MUSIC INC.; SPRINGTIME MUSIC, INC.; DANDELION MUSIC CO., A DIVISION OF JAMIE MUSIC PUBLISHING CO.; JAY-BOY MUSIC CORP., <br><br> Plaintiffs <br><br> vs. <br><br> T-MAN LLC d/b/a 69 TAPS-MEDINA, an Ohio limited liability company, <br><br> and <br><br> JON MIDDENDORF, an individual, <br><br> and <br><br> THOMAS MANFREDA, an individual, <br><br> Defendants | CASE NO. 1:14-cv-00614 <br><br> JUDGE: <br><br><br><br><br><br><br><br><br><br> **VERIFIED COMPLAINT** |

Plaintiffs, by their attorneys, for their Complaint against Defendants, allege as follows (on knowledge as to Plaintiffs; otherwise on information and belief):

JURISDICTION AND VENUE

1. This is a suit for copyright infringement under the United States Copyright Act of 1976, as amended, 17 U.S.C. § 101 *et seq.* (the "Copyright Act"). This Court has jurisdiction pursuant to 28 U.S.C. § 1338(a).

2. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1400(a).

THE PARTIES

3. Plaintiff Broadcast Music, Inc. ("BMI") is a corporation organized and existing under the laws of the State of New York. BMI's principal place of business is 7 World Trade Center, 250 Greenwich Street, New York, New York 10007. BMI has been granted the right to license the public performance rights in approximately 8.5 million copyrighted musical compositions (the "BMI Repertoire"), and currently includes all of those that are alleged herein to have been infringed.

4. The Plaintiffs other than BMI are the owners of the copyrights in the musical compositions, which are the subject of this lawsuit. All Plaintiffs are joined pursuant to Fed. R. Civ. P. 17(a) and 19(a).

5. Plaintiff Concord Music Group, Inc. is a corporation doing business as Jondora Music. This Plaintiff is the copyright owner of at least one of the songs in this matter.

6. Plaintiff Universal – Songs of Polygram International, Inc. is a corporation. This Plaintiff is the copyright owner of at least one of the songs in this matter.

7. Plaintiff Cyanide Publishing is a partnership owned by Robert Kuykendall, Richard A. Ream, Bruce Johannesson and Bret M. Sychak. This Plaintiff is the copyright owner of at least one of the songs in this matter.

8. Plaintiff Songs of Universal, Inc. is a corporation. This Plaintiff is the copyright owner of at least one of the songs in this matter.

9. Plaintiff EMI Virgin Songs, Inc. is a corporation doing business as EMI Longitude Music. This Plaintiff is the copyright owner of at least one of the songs in this matter.

10. Plaintiff Fourteenth Hour Music, Inc. is a corporation. This Plaintiff is the copyright owner of at least one of the songs in this matter.

11. Plaintiff Springtime Music, Inc. is a corporation. This Plaintiff is the copyright owner of at least one of the songs in this matter.

12. Plaintiff Dandelion Music Company is a division of Jamie Music Publishing Company. This Plaintiff is the copyright owner of at least one of the songs in this matter.

13. Plaintiff Jay-Boy Music Corp. is a corporation. This Plaintiff is the copyright owner of at least one of the songs in this matter.

14. Defendant T-Man, LLC is a limited liability company organized and existing under the laws of the state of Ohio, which operates, maintains and controls an establishment known as 69 Taps-Medina, located at 1120 North Court Street, Medina, Ohio 44256, in this district (the "Establishment").

15. In connection with the operation of the Establishment, Defendant T-Man, LLC publicly performs musical compositions and/or causes musical compositions to be publicly performed.

16. Defendant T-Man, LLC has a direct financial interest in the Establishment.

17. Defendant Jon Middendorf is a managing member and President of Defendant T-Man, LLC with responsibility for the operation and management of Defendant T-Man, LLC and the Establishment.

18. Defendant Jon Middendorf has the right and ability to supervise the activities of Defendant T-Man, LLC and has a direct financial interest in Defendant T-Man, LLC and the Establishment.

19. Defendant Thomas Manfreda is a member and Secretary of Defendant T-Man, LLC with primary responsibility for the operation and management of Defendant T-Man, LLC and the Establishment.

20. Defendant Thomas Manfreda has the right and ability to supervise the activities of Defendant T-Man, LLC and has a direct financial interest in Defendant T-Man, LLC and the Establishment.

CLAIMS OF COPYRIGHT INFRINGEMENT

21. Plaintiffs repeat and reallege each of the allegations contained in paragraphs 1 through 20.

22. Plaintiffs allege ten (10) claims of willful copyright infringement, based upon Defendants' unauthorized public performance of musical compositions owned and/or licensed by the Plaintiffs. All of the claims for copyright infringement joined in this Complaint are governed by the same legal rules and involve similar facts. Joinder of these claims will promote the convenient administration of justice and will avoid a multiplicity of separate, similar actions against Defendants.

23. Attached hereto as Exhibit 1 and incorporated herein is a schedule (the "Schedule") identifying some of the many musical compositions whose copyrights were infringed by Defendants. The Schedule contains information on the ten (10) claims of copyright infringement at issue in this action. Each numbered claim has the following eight lines of information (all references to "Lines" are lines on the Schedule): Line 1 providing the claim number; Line 2 listing

the title of the musical composition related to that claim; Line 3 identifying the writer(s) of the musical composition; Line 4 identifying the publisher(s) of the musical composition and the plaintiff(s) in this action pursuing the claim at issue; Line 5 providing the date on which the copyright registration was issued for the musical composition; Line 6 indicating the copyright registration number(s) for the musical composition; Line 7 showing the date(s) of infringement; and Line 8 identifying the Establishment where the infringement occurred.

24. For each work identified on the Schedule, the person(s) named on Line 3 was the creator of that musical composition.

25. For each work identified on the Schedule, on or about the date(s) indicated on Line 5, the publisher(s) named on Line 4 (including any predecessors in interest), complied in all respects with the requirements of the Copyright Act and received from the Register of Copyrights Certificates of Registration bearing the number(s) listed on Line 6.

26. For each work identified on the Schedule, BMI is currently the licensor of the public performance rights in the musical composition identified on Line 2 and was, at the time of the infringement, granted the right by the publisher(s) identified on Line 4 to pursue actions for infringement of the public performance rights in their musical compositions and to seek damages for such infringement. For each work identified on the Schedule, on the date(s) listed on Line 7, the Plaintiff(s) listed on Line 4 was (and still is) the owner of the copyright in the respective musical composition listed on Line 2.

27. For each work identified on the Schedule, on the date(s) listed on Line 7, Defendants publicly performed and/or caused to be publicly performed at the Establishment the musical composition identified on Line 2 without a license or permission to do so. Thus, Defendants have committed copyright infringement.

28. The specific acts of copyright infringement alleged in the Complaint, as well as Defendants' entire course of conduct, have caused and are causing Plaintiffs great and incalculable damage. By continuing to provide unauthorized public performances of works in the BMI Repertoire at the Establishment, Defendants threaten to continue committing copyright infringement. Unless this Court restrains Defendants from committing further acts of copyright infringement, Plaintiffs will suffer irreparable injury for which they have no adequate remedy at law.

WHEREFORE, Plaintiffs demand judgment against Defendants, jointly and severally, as follows:

A. Defendants their agents, servants, employees, and all persons acting under their permission and authority, be enjoined and restrained from infringing, in any manner, the copyrighted musical compositions licensed by BMI, pursuant to 17 U.S.C. § 502;

B. Defendants be ordered to pay statutory damages, pursuant to 17 U.S.C. § 504(c);

C. Defendants be ordered to pay costs, including a reasonable attorney's fee, pursuant to 17 U.S.C. § 505; and

D. Plaintiffs have such other and further relief as is just and equitable.

/s/ *Robert E. Chudakoff*
Robert E. Chudakoff (0038594)
ULMER & BERNE LLP
Skylight Office Tower
1660 W. 2nd Street – Suite 1100
Cleveland, Ohio 44113-1448
Tel: (216) 583-7000
Fax: (216) 583-7001
rchudakoff@ulmer.com

Attorney for Plaintiffs

## VERIFICATION

STATE OF TENNESSEE )
                              ) ss:
COUNTY OF DAVIDSON )

Lawrence E. Stevens, being duly sworn, deposes and says:

I am an Assistant Vice President, General Licensing, for Plaintiff Broadcast Music, Inc. I have read the foregoing Verified Complaint and know the contents thereof; the same is true to my knowledge, except as to matters therein stated to be alleged upon information and belief, and as to those matters, I believe them to be true.

                                                                                Lawrence E. Stevens

Sworn to before me this
19th day of March, 2014.

_____
      Notary Public

[Notary Seal: DIANA L. JOHNSTON, STATE OF TENNESSEE NOTARY PUBLIC, DAVIDSON COUNTY, TENN. My Commission Expires AUG 23, 2016]

7